MEMORANDUM *
Ann Standley appeals from the district court’s summary judgment to Elko County on her section 1983 claims and its dismissal of her remaining state law claims. The facts are well-known to the parties; we need not repeat them here.
The district court properly granted summary judgement to Elko County because Standley produced no evidence that she enjoyed a right to pre-termination due process. An employee has a pre-termination due process right only when she has a property interest in continued employment “from an independent source, such as state law.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Here, Nevada law presumes that all employees serve at-will, assuming the absence of an express or implied contract. SW. Gas Coup. v. Vargas, 111 Nev. 1064, 901 P.2d 693 (1995). Vanelli v. Reynolds School District No. 7, 667 F.2d 773 (9th Cir.1982), and Matthews v. Harney County, 819 F.2d 889 (9th Cir.1987), cited by Standley, are thus distinguishable because the claimants in those cases had state law property interests. Standley has not shown that she had any contract or other property interest.
Standley did offer a contradicted statement from Jerilyn Underwood, the human and social services administrator for Elko County, that “[hjourly employees by definition are not at will.” But Standley was not an hourly employee at the time of her termination. Underwood’s statement, therefore, could not create an implied contract which would cover Standley. Nor is there any evidence that Underwood’s understanding of county policy was shared by anyone else, including Standley. Thus, it could not be an implied contract. The best Standley can muster is an affidavit claiming that “at no time during [her] employment did [she] have a reason to believe that [she] had no right to notice and a pretermination hearing before I could lose my job.” This string of negatives carefully fails to assert even a personal belief that she had any pre-termination rights.
The district court acted well within its discretion in dismissing the remaining state claims.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.